

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*The Nemours Building*  (302) 573-6277
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

April 20, 2006

**Hand Delivered**

Honorable Sue L. Robinson
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:    **United States v. Starlin L. Gibbs**
            Cr.A.No. 06-41-SLR

Dear Chief Judge Robinson:

    The defendant has advised the government of his intention to plead guilty pursuant to the enclosed unexecuted plea agreement. I write to request that the Court schedule this matter for a guilty plea hearing. Thank you for your consideration.

                          Respectfully submitted,

                          COLM F. CONNOLLY
                          United States Attorney

                      By: _____
                          David L. Hall
                          Assistant United States Attorney

DLHJ/jb
Enc.
cc:    Penny Marshall, Esquire (w/enc.)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal Action No. 06-41-SLR |
| | : | |
| STARLIN GIBBS | : | |
| | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David L. Hall, Assistant United States Attorney, and Penny Marshall, Esq., attorney for the defendant, Starlin Gibbs, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count I of a one count Information, waiving prosecution by grand jury indictment, charging him with theft of government property, in violation of Title 18, United States Code, Section 641.

2. The maximum penalty is ten years imprisonment, three years supervised release, a $250,000 fine, restitution, and a $100 mandatory special assessment.

3. The defendant understands that if he were to proceed to trial on Count I of the Information, charging a violation of Title 18, United States Code, Section 641, the government would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) the defendant knowingly and willfully, (2) embezzled, stole, purloined, and converted to his own use, (3) a record, voucher, money, or thing of value, (4) of the United States or any department or agency thereof, (5) exceeding $1,000.00 in value.

4.	The defendant knowingly, voluntarily, and intelligently admits that between August 2004 and October 2005, he stole $9,558.77 from the Department of Veterans Affairs, an agency of the United States, by misusing multiple credit cards issued by the General Services Administration to use Department of Veterans Affairs funds to purchase fuel for personal, non-governmental purposes.

5.	Based on the defendant's actions to date, the United States agrees that the Court should grant a two-level reduction in the base offense level for the defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1. The United States so agrees because the defendant has timely notified the authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Should the defendant perform any act inconsistent with affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1 subsequent to the entry of the guilty plea, the government reserves the right to modify its position on this issue.

6.	The defendant agrees to pay a $100 special assessment at the time of sentencing. The defendant agrees to make full restitution to the Department of Veterans Affairs in the amount of $9,558.77.

7.	If the Court orders the payment of any special assessment or fine as part of the defendant's sentence, the defendant agrees to voluntarily enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8.	The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings,

including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea. The parties stipulate and agree that, pursuant to Sentencing Guidelines Section 2B1.1(b)(1)(B), the base offense level for Count I is 8.

9. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. §3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The government expects to recommend a sentence at the low end of the Guidelines and not to oppose a sentence of probation if authorized by the Guidelines.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this memorandum may be modified only in a written agreement executed by all the undersigned

parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY<br>
United States Attorney

_____    BY:    _____
Penny Marshall, Esq.                      David L. Hall
Attorney for Defendant                    Assistant United States Attorney


_____           Dated:
Starlin Gibbs
Defendant



**AND NOW** this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
Honorable Sue L. Robinson
Chief Judge
United States District Court
District of Delaware